IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| John M. Rivers, Jr., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Wachovia Corporation, Wells ) <br> Fargo & Company, G. Kennedy ) <br> Thompson, Donald K. Truslow, ) <br> Thomas J. Wurtz, Robert K. ) <br> Steel, and Doe Defendants 1 ) <br> Through 25, ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No.: 2:09-CV-2941-PMD <br><br> **ORDER** |

This matter is before the court upon Defendants motion to dismiss Plaintiff John M. Rivers, Jr.'s ("Plaintiff") complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the court grants Defendant's motion to dismiss.

## SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff owned in excess of 100,000 shares of Wachovia Corporation, now known as Wells Fargo & Company ("Wachovia"). Plaintiff alleges in his Complaint that Defendants participated in a fraudulent scheme designed to deceive and defraud him into holding on to his common shares in Wachovia. The Complaint, which runs to nearly 100 pages, boils down to the claim that Defendants' participated in a fraudulent scheme designed to deceive Plaintiff and the investing public as to the financial stability of Wachovia. Plaintiff's allegations primarily concern Wachovia's 2006 acquisition of Golden West Financial Corporation, a California-based bank and mortgage lender with a large portfolio of adjustable-rate mortgages referred to as "Pick-A-Pay" loans, and Wachovia's subsequent disclosures concerning these mortgage loans.

1

The Complaint alleges that Wachovia and the Individual Defendants, faced with a rapidly deteriorating housing market and a strained mortgage system, concealed information regarding underwriting standards, collateral quality, and necessary reserves for these loans. The Complaint further alleges that Defendants concealed problems relating to the value and accounting treatment of Wachovia's holdings in collateralized debt obligations, or CDOs. The centerpiece of the Complaint is a lengthy recitation (running 56 pages) of Wachovia's allegedly false public SEC filings, press releases and earnings calls, beginning in January 2007 and concluding in September 2008. Plaintiff contends that the Individual Defendants engineered, approved, and disseminated these misstatements. Plaintiff then claims that he refrained from selling some of his Wachovia stock in reliance on these alleged misrepresentations by Defendants. Based on these allegations, Plaintiff asserts claims styled as fraud/fraudulent concealment, negligent misrepresentation, breach of fiduciary duty, constructive fraud, breach of duties as corporate officers, negligence/gross negligence, and violation of the South Carolina blue sky laws.

## STANDARD OF REVIEW

It has been noted that "[a] motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of a complaint." *Federal Trade Comm'n v. Innovative Mktg., Inc.,* 654 F.Supp.2d 378, 384 (D. Md. 2009). The Supreme Court has recently held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955 (2007)). The Supreme Court noted that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and noted that

"[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id. See also Harman v. Unisys Corp.,* 2009 WL 4506463 *2 (4th Cir.2009). The Court added that "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions," and that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The Court further noted that "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

## ANALYSIS

Defendants filed a motion to dismiss all counts of Plaintiff's Complaint on December 14, 2009. In its memorandum in support of its motion to dismiss, Defendants put forth multiple grounds upon which it argues this Court should dismiss Plaintiff's Complaint. Specifically, Defendants argue that Plaintiff's Complaint should be dismissed because (1) neither North Carolina law nor South Carolina law permits direct shareholder claims for losses resulting solely from a fall in the value of stock; (2) South Carolina law does not recognize "holder" claims brought by Plaintiffs claiming reliance on representation by the defendant in deciding <u>not</u> to sell their stock; (3) Plaintiff's claims for constructive fraud, breach of fiduciary duty, breach of duties as corporate officers, and negligence should also be dismissed for the separate reason that officers in a North Carolina corporation owe a duty to the corporation itself, not to individual shareholders like Plaintiffs here; and (4) the South Carolina Securities Act expressly limits its applications to buyers and sellers of securities, not holders of securities like Plaintiff here.

The Court finds that Plaintiff's claims against Wachovia and the Individual Defendants are derivative claims that must be dismissed. As a shareholder of Wachovia, Plaintiff seeks to

3

recover for the lost value of his stock. Because Wachovia was a North Carolina Corporation at all times relevant to this action, the "internal affairs doctrine" likely compels the application of North Carolina law to Plaintiff's claims. However, under both North Carolina and South Carolina law, it is a "well-established general rule" that shareholders do not have standing to bring direct claims for wrongs that diminish the value of their shares in a corporation. *Barger v. McCoy Hillard Parks,* 488 S.E.2d 215, 219 (1997); *Brown v. Stewart,* 557 S.E.2d 676, 686 (S.C. Ct. App. 2001) (stating the "general rule that individuals may not sue corporate directors or officers for losses suffered by the corporation"; "A Shareholder's suit is derivative if the gravamen of his complaint is an injury to the corporation and not to the individual interest of the shareholder;" and "'It becomes material, therefore, to inquire whether the acts of mismanagement charged to the directors affected the plaintiffs *directly,* or as their interests were submerged in the corporation whose assets were thus dissipated.'").

Here, Plaintiff alleges that he suffered losses when Wachovia stock declined along with the U.S. housing market during the credit crisis. The Complaint marks time by the closing price of Wachovia's common stock, beginning at $56.65 on January 23, 2007 and continuing through September 2008, when Wachovia's share price fell below $1. This deterioration in Wachovia's stock price was felt by all shareholders, and it reflected the injuries the corporation itself was suffering. *See, e.g., Smith v. Waste Mgmt.,* 407 F.3d 381, 385 (5th Cir. 2005) ("[W]hen a corporation, through its officers, misstates its financial condition, thereby causing a decline in the company's share price when the truth is revealed, the corporation itself has been injured."); *Manzo v. Rite Aid Corp.,* 2002 WL 31926606 (Del. Ch. 2002) ("To the extent that plaintiff was deprived of accurate information upon which to base investment decisions, and as a result, received a poor rate of return on her Rite Aid shares, she experienced an injury suffered by all

Rite Aid shareholders in proportion to their pro rata share ownership. This would state a derivative claim."). Because the injuries felt by Plaintiff were suffered equally by all Wachovia's shareholders, he cannot bring a direct action to recover his proportion of the corporation's losses, especially when any recovery would come from the pockets of the fellow shareholders. *See Brown,* 557 S.E.2d at 685 ("Permitting [the plaintiff] to bring his action as an individual action would not protect the interests of all stockholders because the diminution in the value of the stock was suffered by all of the shareholders.").

Plaintiff's claims depend entirely on the theory that he should be permitted to recover losses suffered when the value of his Wachovia stock declines. *See, e.g.,* Compl. ¶ 273 ("Plaintiff has been damaged and caused to lose millions of dollars in the value of stock he held in Wachovia which he otherwise would have sold."); ¶ 321 ("The Defendants are liable for the Plaintiff's losses in connection with his Wachovia stock and securities."). As noted by the Defendants and stated by Judge Easterbrook in a similar case, "the nub of the problem is that the investors' injury flows not from what happened to them . . . but from what happened to [the company]." *Kagan v. Edison Bros. Stores, Inc.,* 907 F.2d 690, 692 (7th Cir. 1990).

"There are [however] two major, often overlapping, exceptions to the general rule that a shareholder cannot sue for injuries to his corporation: (1) when there is a special duty, such as a contractual duty, between the wrongdoer and the shareholder, and (2) where the shareholder suffered an injury separate and distinct from that suffered by other shareholders." *Barger,* 488 S.E.2d at 219; *see also Brown,* 557 S.E.2d at 684 ("A shareholder may maintain an individual action only if his loss is separate and distinct from that of the corporation."). In this case, Plaintiff alleges that his injury was separate and distinct from that suffered by other shareholders

and claims that the Defendants owed him fiduciary and special duties. Therefore, Plaintiff claims that his suit should be proceed as a direct suit.

The Court finds that because neither exception to the general rule prohibiting direct shareholder suits for injuries to the corporation itself apply in this case, that Plaintiff's claims should be dismissed. Plaintiff's attorneys have filed identical suits for similarly situated Wachovia shareholders using identical complaints to the one at issue in this case in both South Carolina state court and in North Carolina Business Court. *See Rice-Marko v. Wachovia Corp., et al,* 2009-CP-10-6230 (Oct. 1, 2009) (J. Young); *Harris v. Wachovia,* 09-CVS-25270 (N.C. Bus. Ct., Oct. 15, 2009). In *Rice-Marko,* Judge Young found Plaintiffs' complaint to state a derivative rather than direct claim and granted Wachovia's motion to dismiss. In that case, Plaintiffs also claimed that they suffered a separate and distinct injury and that Defendants owed them a special duty. In finding that Plaintiffs failed to satisfy either exception to the general rule against direct claims by shareholders for losses to the corporation itself, Judge Young stated as follows:

> Plaintiffs have resisted the application of this general rule by contending that they are not seeking to recover *derivative* losses suffered as a result of corporate mismanagement, but *direct* losses suffered as a result of misrepresentations that induced them not to sell their stock. This distinction finds no support in relevant legal principles. "It is only where the injury sustained to the plaintiff's stock is peculiar to the plaintiff alone and does not fall alike on other shareholders that one can recover as an individual." Flethcer Cyclopedia Corp. § 5913. Plaintiffs' injury was not peculiar to them. Indeed, according to Plaintiffs' Complaint, Defendants lied to Wachovia's other shareholders, financial markets, and the investing public at large.
>
> . . .
>
> Plaintiffs have contended that they may pursue direct claims against the Individual Defendants because those defendants owed them fiduciary or otherwise "special" duties. North Carolina, it is clear, recognizes no fiduciary duty between the officers and directors of a corporation and that corporation's shareholders. *See N.C. Gen. Stat.* §§ 55-8-30, 55-8-42. Although South Carolina

6

> does recognize such a duty, *see* Official Comment to S.C. Code Ann. § 33-8-300, our Court of Appeals has recognized that "[t]he fiduciary obligation of dominant or controlling stockholders or directors is ordinarily enforceable through a stockholder's derivative action." *Brown, supra,* 557 S.E.2d at 684. As *Brown* teaches, any claim that the Individual Defendants owed Plaintiffs a fiduciary duty (a duty owed to Wachovia itself) must be enforced derivatively. 557 S.E.2d at 684.
>
> To be sure, although North Carolina does not recognize fiduciary duties owed by corporate directors and officers to shareholders, it does recognize that shareholders may bring direct claims against directors and officers if those claims are based on a "special duty." *See Barger, supra,* 488 S.E.2d at 220. Such a duty is typically based on either (i) an obligation arising outside the corporate-shareholder relationship . . . or (ii) in the context of a close corporation. . . . Plaintiffs have alleged no such special duty of the Individual Defendants in this case. Indeed, as the North Carolina Supreme Court has explained, communications directed at shareholders in their capacity as shareholders do not give rise to a direct claim. *Energy Investors Fund, L.P. v. Metric Contructors, Inc.,* 351 N.C. 331, 337, 525 S.E.2d 441, 444 (2000). Accordingly, the special duty exception to the general rule requiring derivative recovery of corporate losses does not apply.

The Court finds the analysis by Judge Young of an identical complaint brought against the same defendants to apply in this case and, therefore, adopts his well-reasoned analysis in his decision in *Rice-Marko* into this Order. In this case, as in *Rice-Marko¸* Plaintiff has not suffered a separate and distinct injury from the loss Wachovia Corporation suffered as a whole. Further, as discussed by Judge Young in *Rice-Marko*, under either South Carolina or North Carolina law, the Defendants in this case did not owe Plaintiff a special duty. Therefore, as the Court finds that Plaintiff's claims fall under the general rule requiring derivative recovery of corporate losses and because neither exception to the general rule applies in this case, the Court dismisses Plaintiff's complaint.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendants' motion to dismiss Plaintiff's Complaint is **GRANTED.**

    **AND IT IS SO ORDERED**.

                                      PATRICK MICHAEL DUFFY
                                      United States District Judge

**August 16, 2010**
**Charleston, SC**